◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSWALD E. HOLLINGSWORTH, Appellant. [749 NYS2d 161] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered December 8, 1998, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions that the Supreme Court's jury charge was flawed are largely unpreserved for appellate review, since neither the defense counsel's general exceptions nor his arguments during the charge conferences alerted the trial court to most of the specific objections which he now raises on appeal (*see* CPL 470.05 [2]; *People v Whalen,* 59 NY2d 273; *People v Staton,* 124 AD2d 687; *People v Udzinski,* 146 AD2d 245). In any event, contrary to the defendant's contention, there was no risk that he could be convicted of the same crime on two separate counts since the Supreme Court charged the jury to consider the two rape counts in the alternative.

The Supreme Court's charge did not shift the burden of proof to the defense, and it did not preclude the jury from crediting parts of, or none of, the witness's testimony or the defendant's videotaped statement admitted into evidence.

The record does not support a finding that there was a variance between the theories presented to the jury in the Supreme Court's charge and those which formed the basis of the counts of the grand jury's indictment.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 83). Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.